IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>MARK JOHN WALKER,<br><br>     Defendant. | Case No. 3:10-cr-0298-RRB<br><br>**ORDER DENYING BILL<br>OF PARTICULARS AT<br>DOCKETS 48 AND 69** |

At **Dockets 48** and **60**, Defendant Walker has requested that the Government be ordered to file a Bill of Particulars as to Counts 1-6.  The Court has reviewed all of the relevant pleadings and heard argument on April 11, 2011.  For the reasons set forth below, both Motions are **DENIED.**

I.   **RELIEF SOUGHT**

In his Motion at Docket 48, Walker seeks a Bill of Particulars on Counts 1 – 3 in two respects: (1) the Government's theory as to how each offense occurred "in the special maritime and territorial jurisdiction of the United States *etc.*" within the scope of § 2241; and (2) the Government's theory on whether and, if so, how, Walker

used force or threatened each of the victims.  As to Counts 4 and 5, Walker seeks particulars on the Government's theory on how sexual contact in violation of § 2246(3) violates § 242.

In his Supplemental Motion at Docket 60, Walker seeks particulars concerning Count 6, i.e., that the Government provide the nature, date, or other circumstances of any contacts that Walker had with the victims that he did not properly document in the Probation Office's Chrono System.

## II.  APPLICABLE LAW

"The bill of particulars has three functions:  to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes."[1]  "'A defendant is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case.'"[2]  "Information relevant to

---

[1]    *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal quotation marks and citations omitted); *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (same).

[2]    *Giese*, 597 F.2d at 1181 (quoting *Yeargain v. United States*, 515 F.2d 881, 882 (9th Cir. 1963) (per curiam); *see United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (citing *Giese*).

the preparation of a defense sets forth the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated."[3]  A district court is clothed with broad discretion in determining whether to order the Government to provide and the scope of the bill of particulars.[4]

"Ordinarily, the function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial but to supply any essential detail which may have been omitted from the indictment."[5]  The right to a bill of particulars does not "entitle a defendant to explore at will all evidence that the government has against him."[6]  "Full Discovery will obviate the need for a bill of particulars."[7]  A bill of particulars is not

---

[3]     *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008).

[4]     *See Will v. United States*, 389 U.S. 90, 98–99 (1967).

[5]     *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (citing *Dillen v. Wainwright*, 449 F.2d 331, 332 (5th Cir. 1971); *United States v. Cansler*, 419 F.2d 952, 954 (7th Cir. 1969); *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968)) (internal quotation marks omitted).

[6]     *Morgan v. United States*, 380 F.2d 686, 698 (9th Cir. 1967) (citing *Wong Tai v. United States*, 273 U.S. 77 (1927) and *Yeargain, supra*)

[7]     *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing *Giese, supra*).

required where the information sought has already been provided by other sources, such as the indictment and discovery,[8] and it "is not designed to compel the government to provide detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."[9]

## III. DISCUSSION

### A.  Motion at Docket 48

There is no authority that even inferentially hints that a bill of particulars may be used to obtain information beyond that discoverable under the discovery rules.  To the extent that Walker seeks the Government's legal theories, Walker has not cited any authority that gives him a right to that.  Walker reads the right to the "theory" of the case referred to by the Ninth Circuit in *Ryland*, *Giese*, and *Yeargain* too broadly.  A fair reading of the cases leads to the conclusion that the courts were looking to whether the general theory of the case was ascertainable from the face of the indictment.  Those cases, taken in context, certainly cannot be construed as requiring the Government to disclose in a

---

[8]     *See United States v. Martell,* 906 F.2d 555, 558 (11th Cir.1990); *Long, supra.*

[9]     *United States v. Burgin,* 621 F.2d 1352, 1359 (5th Cir.1980); *see United States v. Atisha*, 804 F.2d 920, 924 (6th Cir. 1986) (same, citing *Burgin*); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (same, quoting *Burgin*).

bill of particulars the legal reasoning the Government is relying upon.

As to the question of the "special maritime jurisdiction," as the Government states in its opposition, its "theory" of the case is that, although a violation of § 2241 must have occurred in the "special jurisdiction of the United States," a civil rights violation under § 242, based upon acts *described* in § 2241, need not have occurred in the "special jurisdiction of the United States."  The "theory" of the Government is that those acts described in § 2241 not only violate § 2241 if committed with the "special jurisdiction of the United States," but also violate § 242 if committed anywhere within the jurisdiction of the United States. This involves purely a legal argument that does not require further particulars in order for Walker to adequately prepare his defense. There does not appear to be any ambiguity or deficiency in the indictment to be cured.

As to question of whether Walker used force against or threatened any of the victims, Walker argues that the "substantial discovery provided by the Government is devoid of evidence that Defendant subjected any of the alleged victims to force or threats of death, serious bodily injury, or kidnapping." Consequently, Walker contends he requires a bill of particulars. However, there is no ambiguity or defect in the indictment to be cured and Walker

does not really explain how his ability to defend is impaired.  If, as Walker contends, the evidence is insufficient, how a bill of particulars, that need not provide any evidence beyond that required by the discovery rules, will assist is both inexplicable and unexplained.  If the evidence is insufficient, Walker may make that argument either to the Court in a motion for judgment of acquittal,[10] to the jury, or the Court after a jury verdict.[11]

**B.  Motion at Docket 60**

In this motion Walker is asking the Government to do his attorney's job — sift through the evidence, cross checking the evidence of contact against the chrono log and identify those contacts that Walker had with the victim that are not reported. Walker has not cited any authority that supports this supposition, and independent research has not uncovered any authority. The motion is therefore **DENIED**.

///

///

///

///

///

---

[10] Fed. R. Crim. P. § 29(a).

[11] Fed. R. Crim. P. § 29(c).

**IV.   CONCLUSION**

Under the facts hereof, Walker is not entitled to a Bill of Particulars.  What is really in dispute is the legal elements of the crimes charged.  This will be addressed as the Court finalizes the jury instructions.

ENTERED this 19th day of April, 2011.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE